IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>　　　　v.<br><br>REY O. SOTO-SANTIAGO,<br>aka "Enano",<br><br>Defendant. | CRIMINAL NO. 09-374 (CCC) |

**REPORT AND RECOMMENDATION**

　　　　Defendant Rey O. Soto-Santiago was charged in Count One of an Indictment and he agreed to plead guilty to said only count. Count One charges that, on or about September 26th, 2009, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant herein, having been convicted in court of a crime punishable by imprisonment for a term exceeding one (1) year, did knowingly and unlawfully possess a firearm, as defined in Title 18, United States Code, § 921(a)(3), that is: a Ruger, 7.62 x 39 caliber rifle, model Mini thirty, bearing manufacturer's serial number 189-85260, loaded with 26 rounds of 7.62 x 39 caliber ammunition, which firearm and ammunition have been shipped or transported in interstate or foreign commerce. All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

　　　　On July 8, 2010, defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court. Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

　　　　Defendant indicated and confirmed his intention to plead guilty to Count One of the Indictment, upon being advised of his right to have said proceedings before a district judge

United States of America v. Rey O. Soto-Santiago
Criminal No. 09-374 (CCC)
Report and Recommendation
Page 2

of this court.[1]  Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Count One, he was examined and verified as being correct that: he had consulted with his counsel, Richard O. Dansoh, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict.  He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt.  Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf.  He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

in court to testify. Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Dansoh, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty. The penalty for the offense charged in Count One is term of imprisonment of not more than ten (10) years, and a fine not to exceed Two Hundred and Fifty thousand dollars ($250,000.00), and a term of supervised release of not more than three (3) years.

At the time of sentencing the defendant will pay a special assessment of one hundred dollars ($100.00) per count, to be deposited in the Crime Victim Fund, as required by Title 18, United States Code, Section 3013(a).

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document

United States of America v. Rey O. Soto-Santiago
Criminal No. 09-374 (CCC)
Report and Recommendation
Page 4

entitled "Plea Agreement pursuant to Rule 11(c)(1)(A) & (B) FRCP" ("the Agreement") and the "Plea Agreement Supplement"[2] were shown to defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Count One, as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

The above-captioned parties' estimate and agreement that appears on pages three (3) and four (4), paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. Regarding Count One of the Indictment, the Base Offense Level is of Fourteen (14). Pursuant to U.S.S.G. § 3E1.1, a decrease of two (2) levels is agreed for acceptance of responsibility. Therefore, the Total Offense Level is of Twelve (12).

Pursuant to paragraph nine (9), assuming application of the above described Guidelines, the total adjusted offense level with respect to Count One would be twelve (12). The parties agree to recommend that defendant be sentenced to eighteen (18) months in prison, if he is a Criminal History Category I, II, or III. If he is a Criminal History Category IV or higher, the parties recommend that he be sentenced to the lower end of the

---

[2] Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same. Defense counsel recognized he explained to defendant the content of the "Plea Agreement Supplement" and explained to defendant its consequences.

Guidelines' range for a total offense level of twelve (12).

Pursuant to paragraph ten (10), the United States and the defendant agree that no departures shall be requested by the parties. This Plea and Forfeiture Agreement has taken into consideration all Title 18, United States Code, Section 3553 factors. Any recommendation for a term of imprisonment below eighteen (18) months or what has been stipulated in paragraph (9) above will constitute a material breach of the plea and forfeiture agreement.

The parties do not stipulate any assessment as to the defendant's Criminal History Category.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was able to understand this explanation and agreed with the government's submission.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

   Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

   Pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), defendant agrees to forfeit all of his right, title, and interest in the following property (hereafter, collectively, the "Property"):

  a. One (1) Ruger Mini Thirty, 7.62 x 39 caliber rifle, bearing manufacturer's serial number 189-85260:

  b. one (1) magazine

  c. 26 rounds of 7.62 x 39 mm caliber ammunition.

   Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea. Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law. Any notice of appeal must be filed within ten (10) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains

United States of America v. Rey O. Soto-Santiago
Criminal No. 09-374 (CCC)
Report and Recommendation
Page 7

a waiver of appeal in paragraph sixteen (16) which was read to defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

Defendant waived the reading of the Indictment in open court because he is aware of its content. Defendant was shown a written document entitled "Government's Version of the Facts", which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears. Defendant was provided an opportunity to see and examine same, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Count One of the Indictment in Criminal No. 09–374 (CCC).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Indictment in Criminal No. 09-374 (CCC).

United States of America v. Rey O. Soto-Santiago
Criminal No. 09-374 (CCC)
Report and Recommendation
Page 8

**IT IS SO RECOMMENDED.**

The sentencing hearing is scheduled for October 20, 2010 at 4:15 p.m., before Honorable Carmen C. Cerezo, District Court Judge.

San Juan, Puerto Rico, this 8th day of July of 2010.

                                                    s/ CAMILLE L. VELEZ-RIVE
                                                    CAMILLE L. VELEZ-RIVE
                                                    UNITED STATES MAGISTRATE JUDGE